IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Manuel Antonio Perez, (029427367), | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 15 C 50133 |
| v. | ) |  |
|  | ) | Judge Phillip G. Reinhard |
|  | ) |  |
| John Boehner, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

The court construes plaintiff's trust fund statement [3] as a petition for leave to proceed *in forma pauperis*. Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at plaintiff's place of incarceration to deduct $17.94 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to send a copy of this order to the trust fund officer at Tri-County Jail. Summonses shall not issue at this time. Plaintiff's complaint [1] is dismissed with leave to submit a proposed amended complaint. Plaintiff shall submit an amended complaint in accordance with this order by September 21, 2015. Failure to do so will result in dismissal of this case.

## STATEMENT

Plaintiff Manuel Antonio Perez, an alien held by the United States Immigration and Customs Service (ICE), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff challenges national immigration policy, and also alleges exposure to inhumane conditions of confinement as a detained alien. Currently before the court are plaintiff's application to proceed *in forma pauperis*, and his complaint for initial review under 28 U.S.C. § 1915(e)(2).

Plaintiff has filed a trust fund account ledger, [3], but did not file an IFP application. The court construes the trust fund ledger as a request to proceed IFP. Plaintiff's trust fund information demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the court orders: (1) plaintiff to immediately pay (and the facility having custody of him to automatically remit) $17.94 to the Clerk of Court for payment of the initial partial filing fee and (2) plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States

District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2), the court is required to screen pro se complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

In his first claim, plaintiff sues on behalf of himself, his family, and all immigrants and their families living around the world. Plaintiff supports President Obama's attempt to reform immigration laws in the United States. He seeks, among other grounds for relief, that the Congress pass immigration legislation, further implementation of President Obama's executive orders on immigration, ending of removal of aliens from the United States, monetary compensation, and a variety of government services such as free education and health care, providing land, automobiles and insurance, among other items, to all immigrants.

The court lacks subject matter jurisdiction to hear this claim. Federal courts are limited to deciding cases and controversies. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). A generalized grievance about how the government operates does not satisfy the case and controversy requirement. *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013). Plaintiff raises a general complaint about the nation's immigration laws. This does not establish a case or controversy.

Plaintiff's second claim alleges that he has been exposed to inhumane conditions of confinement while being held by ICE including a lack of nutritious food and a lack of proper bathroom access, among other adverse conditions. Plaintiff may have a plausible claim for these allegations. However, the complaint is unacceptable because it fails to name the individual who

personally exposed him to these conditions.

It would be in plaintiff's best interest to conduct preliminary research into his claims before refiling them in new suits. In particular, plaintiff is instructed that the proper defendants are the individuals who were personally involved with the constitutional violations. An individual is not liable for incidents simply because he is a supervisor. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). He should also explain how he was personally harmed by an alleged misconduct. He cannot bring generalized grievances.

The plaintiff is granted until September 21, 2015 to submit a proposed amended complaint on the court's required form. Plaintiff must limit his claim to how he was personally exposed to inhumane conditions and he should name those individuals who were personally responsible for causing the conditions. Plaintiff should not proceed with a generalized complaint. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

The plaintiff must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that the proposed amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations the plaintiff wishes the court to consider must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits.

Date: 7/23/2015                    ENTER:

_Philip G. Reinhard_

Docketing to Mail Notices. (CR)